Gus KIRK, Candy Kirk, as Individuals,
and d/b/a Kirk Enterprises,
Petitioners,

v.

U.S. IMMIGRATION AND NATURALI-
ZATION SERVICE; United States of
America, Respondents.

No. 89–70389.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 14, 1991.*

Decided March 14, 1991.

David J. Hossler, Hunt, Stanley, Hossler
& Moore, Yuma, Ariz., for petitioners.

Francesco Isgro, Office of Immigration
Litigation, Civil Div., Dept. of Justice,
Washington, D.C., for respondents.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before SNEED, TANG and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Gus Kirk and Candy Kirk appeal the Immigration and Naturalization Service's ("INS") chief administrative hearing officer's ("CAHO") decision affirming the administrative law judge's ("ALJ") default judgment imposing employer sanctions on the Kirks under 8 U.S.C. § 1324a. We have jurisdiction under 8 U.S.C. § 1324a(e)(8), and we affirm.

## FACTS

Following an inspection by the INS, Gus and Candy Kirk, the owners of Kirk Enterprises, were served with a notice of intent to fine ("NIF") for alleged violations under 8 U.S.C. § 1324a(a)(1)(B). The Kirks, through their attorney, requested a hearing by sending a letter to the INS. On April 28, 1989, a notice of hearing on complaint was served by mail upon the attorney, pursuant to 28 C.F.R. § 68.3(a).[1] The notice of hearing was accompanied by a copy of the complaint, which incorporated the charges contained in the NIF.

When the Kirks did not file a timely answer to the complaint, the INS moved for a default judgment. Before entering the default judgment, the ALJ issued an order to show cause why the INS's motion for default judgment should not be granted. The order to show cause required the Kirks to respond by June 23, 1989, with a sworn affidavit setting forth any good cause for their delay in filing an answer.

On June 21, 1989, the Kirks filed an answer/response which purported to answer the complaint, but they did not provide an affidavit or set forth any reason for their failure to file a timely answer. On June 23, 1989, the Kirks filed an amended

response to the motion for default judgment and to the order to show cause. They included an affidavit from their attorney. Their attorney contended jurisdiction was lacking because due process required that the complaint be served upon the Kirks, and it had been served only upon their attorney. He also asserted reasons for not having filed the answer on time. The ALJ concluded that the Kirks had not shown good cause for failure to file a timely answer, and ordered judgment entered by default pursuant to 28 C.F.R. § 68.8(b).

The Kirks requested a review of the ALJ's order, pursuant to 28 C.F.R. § 68.51(a). The CAHO affirmed the order of the ALJ. It is from this decision the Kirks appeal.

On appeal, the Kirks argue that (1) 28 C.F.R. § 68.3(a) violates due process because it permits the INS to acquire jurisdiction over a party by service of process on the party's attorney of record, (2) the ALJ erred in determining the Kirks failed to show good cause for failure to file a timely answer, and (3) Federal Rule of Civil Procedure 60(b), which permits relief from default, should have been applied to vacate the ALJ's judgment.

## DISCUSSION

1. Due Process

Procedural due process requires adequate notice and an opportunity to be heard. *Reid v. Engen*, 765 F.2d 1457, 1463 (9th Cir.1985). The Kirks received notice of the action when they received the NIF. The NIF informed them of their right to a hearing. The NIF initiates the adjudicatory process. *Maka v. U.S. Immigration & Naturalization Service*, 904 F.2d 1351, 1357 (9th Cir.1990).

Thus, the requirements for procedural due process were met when the Kirks were served with the NIF. They had notice of the charges against them and they had an

---

1. Several of the regulations were amended during the pendency of this appeal. 54 Federal Register 48593 (Nov. 24, 1989). Except where indicated, no substantive changes affecting this appeal were made. For ease of reference, current regulation sections are cited within this opinion.

opportunity to request a hearing. They did, in fact, request a hearing date.[2]

The Kirks argue due process was denied because the notice of hearing and a copy of the complaint were not served on them, but rather on their attorney. The Kirks are in error. The regulations permit service of the notice of hearing and complaint "[b]y mailing to the last known address of such individual, partner, officer, or attorney." 28 C.F.R. § 68.3(c). The INS complied with this rule. "Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Link v. Wabash Railroad Company*, 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955 (1880)).

### 2. Entry of Default Judgment

■ The ALJ had authority to order judgment by default when the Kirks failed to file a timely answer. 28 C.F.R. § 68.8(b). Before taking this action, however, the ALJ gave the Kirks an opportunity to show cause why they had not filed their answer on time. The Kirks' attorney stated:

> The delay in filing the answer in this case was occasioned by the voluminous and unnecessary discovery which has been forwarded by the Complainant, the United States of America through their attorney, and the fact that undersigned counsel has been involved in three hearings over the last three weeks which required a great deal of time. Further the respondent, Gus Kirk, was out of

town and was not available to sign the Answer/Response.

Administrative Record 40.

The ALJ considered these reasons, but found them insufficient to establish good cause. Under the applicable rules, a party is not required to sign an answer; it may be signed by the party's attorney. Thus, Gus Kirk's unavailability to sign the answer was irrelevant. Further, although counsel stated he had been involved in three other hearings, this apparently did not preclude him from filing a Motion to Quash and a Motion to Vacate Hearing Date. It was not unreasonable for the ALJ to conclude that if counsel had time to prepare these motions, he had time to prepare an answer. As to the assertion that the INS's discovery requests were burdensome, this circumstance did not excuse the failure to file an answer.

We conclude the ALJ did not err in ordering judgment by default, nor did the CAHO err in affirming that action. *See Direct Mail Spec. v. Eclat Computerized Tech.*, 840 F.2d at 690.

### 3. Rule 60(b)

■ The Kirks contend that Federal Rule of Civil Procedure 60(b), which permits relief from default, should be applied to vacate the ALJ's judgment. We reject this contention.

The rules governing proceedings for employer violations under the Immigration Reform and Control Act are set forth at 28 C.F.R. § 68 et seq. The regulations provide: "[t]he Rules of Civil Procedure for the District Courts of the United States shall be applied in any situation not provided for or controlled by these rules, or by any statute, executive order, or regulation." 28 C.F.R. § 68.1.[3]

---

**2.** We reject the Kirks' claim that receipt of the NIF by Gus Kirk at the business address of Kirk Enterprises was insufficient to establish jurisdiction over or proper notice to Kirk Enterprises. The regulations permit personal service to be accomplished by "[d]elivery of a copy at the office of an attorney or other person ... by leaving it with a person in charge." 8 C.F.R. § 103.5(a)(2)(iii). Clearly Gus Kirk, as owner of Kirk Enterprises, was a person in charge sufficient to establish both proper service and jurisdiction. *See Direct Mail Specialists v. Eclat*

*Computerized Technologies, Inc.*, 840 F.2d 685, 688–89 (9th Cir.1988).

**3.** This regulation was amended during the pendency of this appeal. 54 Federal Register 48593 (Nov. 24, 1989). The final rule now states: "The Rules of Civil Procedure for the District Courts of the United States shall be used as a general guideline in any situation not provided for or controlled by these Rules, or by any statute, executive order, or regulation." 28 C.F.R. § 68.1.

The administrative rule, 28 C.F.R. § 68.8(b), grants authority to the ALJ to enter a default judgment. The regulations authorize the CAHO to "issue an order which adopts, affirms, modifies or vacates the Administrative Law Judge's order." 28 C.F.R. § 68.51(a). Federal Rule of Civil Procedure 60(b) is inapplicable because the administrative rules provide a mechanism for vacating a default judgment.

The CAHO's decision affirming the ALJ's default judgment is AFFIRMED.