993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas R. BLAESING, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD and Federal Aviation
Administration, Respondents.
 No. 91-70740.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1993.
Decided May 19, 1993.
 
 1
 Before: CANBY, FERGUSON, and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Petitioner seeks review of the National Transportation Safety Board's order affirming a thirty day suspension of his Airline Transport Pilot certificate. Petition for review denied.
 
 I.
 
 4
 By order of October 12, 1988, the FAA suspended petitioner's pilot certificate for thirty days.[1] Petitioner appealed the order of suspension to the National Transportation Safety Board (Board). The FAA filed its Order of Suspension with the Board as the complaint and served a copy of the filing on petitioner.
 
 
 5
 The Board acknowledged receipt of petitioner's appeal notice by its letter of November 21, 1988. In this letter, the Board alerted petitioner to the requirement that he file an answer to the FAA's complaint within twenty days of the filing of the complaint (November 28, 1988):
 
 
 6
 Section 821.31(c) of our Rules requires that you file with this office your answer to the Administrator's Complaint in this proceeding.... An answer, according to our Rules, must contain an admission or denial of each and every paragraph of the charges/allegations in the FAA's Order/Complaint. Failure to file an answer with the Board, responding to each allegation in the Order/Complaint may be deemed an admission of the charge or charges not answered. Therefore, the filing of a timely answer is a very important step in the protection of your rights. Your answer, to be timely, must be postmarked twenty days from the date the Administrator's complaint was placed in the U.S. Mail.
 
 
 7
 (Emphasis in original). Although petitioner does not disavow receipt of this letter, he never did file an answer to the complaint.
 
 
 8
 The case was assigned to an Administrative Law Judge (ALJ) December 4, 1988. On January 23, 1989, the ALJ entered an order which provided:
 
 
 9
 As of this date, [petitioner] has failed to file the required Answer. Accordingly, the allegations of the Complaint are deemed admitted. Further, [petitioner's] failure to act raises the question as to whether he desires to pursue his Appeal; therefore, [petitioner] will be required to Show Cause as to why this matter should not be dismissed.
 
 
 10
 Petitioner was ordered to file, within twenty days, a statement expressing his intent to pursue the appeal and to appear at a hearing to present matters by way of mitigation of sanction. The order concluded with the statement that "[a] failure to Show Cause as ordered will result in summary dismissal of this proceeding."
 
 
 11
 Petitioner made no response to the Order to Show Cause. Accordingly, on February 17, 1989, the ALJ entered an order terminating the appeal for petitioner's failure "to diligently pursue his Appeal, and for his failure to comply with the directives contained in the Order to Show Cause."
 
 
 12
 On February 27, 1989, ten days after the ALJ terminated the proceeding, petitioner responded through counsel to the January 23 Order to Show Cause. This belated entry of appearance expressed petitioner's desire to pursue his appeal and his intent to appear at the time and place of hearing, but offered no cause for petitioner's failure to respond to the prior orders.
 
 
 13
 Also on February 27, 1989, counsel appealed the ALJ's order terminating the proceedings to the full Board. The Board denied petitioner's appeal from the ALJ's order, holding that the ALJ did have authority to dismiss or terminate the appeal where "the failure to comply with the show cause order constituted a negative response to the law judge's appropriate inquiry as to whether [petitioner] wanted to pursue his appeal any further." NTSB Order No. EA-3360, slip op. at 3 (July 31, 1991).
 
 
 14
 Petitioner does not deny receiving the Order to Show Cause. Neither does he dispute that the ALJ's decision to dismiss the appeal for failure to prosecute was justified. The only issue raised in this petition is whether the Board, in affirming the ALJ's order of dismissal, denied petitioner due process of law in connection with the suspension of his pilot certificate.
 
 II.
 
 15
 Petitioner argues that, under the Federal Aviation Act of 1958, 48 U.S.C. app. §§ 1421 et seq. (as amended) (1988),[2] "the filing of an appeal unconditionally entitles a citizen to a due process hearing on the merits of his case." We disagree.
 
 
 16
 First, petitioner was not denied the process which he was due under the statutory scheme. Section 1429(a) provides in relevant part:
 
 
 17
 If, ... as a result of any other investigation made by the Secretary of Transportation, he determines that safety in air commerce or air transportation and the public interest requires, the Secretary of Transportation may issue an order amending, modifying, suspending, or revoking, in whole or in part, any type certificate.... Prior to amending, modifying, suspending, or revoking any of the foregoing certificates, the Secretary of Transportation shall advise the holder thereof as to any charges or other reasons relied upon by the Secretary of Transportation for his proposed action and, except in cases of emergency, shall provide the holder of such a certificate an opportunity to answer any charges and be heard as to why such certificate should not be amended, modified, suspended or revoked.
 
 
 18
 The above describes exactly the Secretary's action and the notice given petitioner in this case. The Secretary's Order, and again the administrative complaint, advised petitioner that he was charged with violating § 91.95(a) of the Federal Aviation Regulations, and provided petitioner with an opportunity to answer that charge and be heard as to why his certificate should not be suspended. The fact that petitioner passed up that opportunity does not render the underlying process invalid.
 
 
 19
 Petitioner also invokes the following language from § 1429(a) in support of his claim of right to a hearing:
 
 
 20
 Any person whose certificate is affected by such an order of the Secretary of Transportation under this section may appeal the Secretary of Transportation's order to the National Transportation Safety Board and the National Transportation Safety Board may, after notice and hearing, amend, modify, or reverse the Secretary of Transportation's order if it finds that safety in air commerce or air transportation and the public interest do not require affirmation of the Secretary of Transportation's order.
 
 
 21
 49 U.S.C. app. § 1429(a). This section does confer upon petitioner the right to a hearing on the merits of his appeal from the Secretary's order. In this case, however, petitioner waived that right. He lost his right to challenge the Secretary's determination of liability by failing to file an answer, and waived his right to be heard on the issue of sanction by failing to respond to the order to show cause.
 
 III.
 
 22
 Neither did the Board's action deprive petitioner of "due process of law" in the constitutional sense. "Procedural due process requires only adequate notice and an opportunity to be heard." Reid v. Engen, 765 F.2d 1457, 1463 (9th Cir.1985).[3] Our review of the record reveals that petitioner received written notice from the FAA of a proposed thirty day suspension for violation of specified regulations by letter of May 9, 1988, and that an informal conference was held at petitioner's request on June 24, 1988. After this conference, the FAA issued its Order of Suspension, which discussed the relevant facts and regulations supporting the order. We have held that this procedure alone satisfies the demands of due process. Reid v. Engen, 765 F.2d at 1463.
 
 
 23
 Thus, the requirements for procedural due process were met when petitioner received the Order of Suspension. See id.; Kirk v. INS, 927 F.2d 1106, 1107 (9th Cir.1991). Petitioner's failure to avail himself of the further notice and additional opportunity to contest the charges afforded him by the Board did not invalidate the Board's reasonable procedures designed to bring about the speedy resolution of disputed cases. Petition for review DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Petitioner was charged with violating Federal Aviation Regulation (14 C.F.R.) § 91.95(a), by operating an aircraft within a restricted air space
 
 
 [2]
 All citations are to the Federal Aviation Act of 1958, Title 49 U.S.C. app. (as amended) (1988), unless otherwise specified
 
 
 [3]
 Because neither party has raised the issue, for purposes of our analysis we assume, without deciding, that petitioner's interest in his certificate is a property interest protected by the due process clause. See Reid, 765 F.2d at 1463; Holmes v. Helms, 705 F.2d 343, 345 (9th Cir.1983) (per curiam)