42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raul C. NUNEZ, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, Respondent.
 No. 94-70208.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raul C. Nunez petitions pro se for review of the Federal Aviation Administration Administrator's ("Administrator") March 10, 1994 decision affirming an administrative law judge's ("ALJ") November 5, 1992 order.[1] In his order, the ALJ (1) deemed admitted allegations that Nunez smoked on a nonsmoking flight because Nunez failed to show good cause for failing to respond to the FAA's complaint, (2) entered a default judgment in favor of the FAA, and (3) assessed a civil penalty against Nunez. Nunez seems to contend that he was deprived of due process of the law because he was not given sufficient time to respond to the order to show cause prior to entry of the default judgment against him. We have jurisdiction pursuant to 49 U.S.C. Sec. 46110(a), and affirm.
 
 Background
 
 3
 On January 17, 1992, the FAA filed and served its complaint against Nunez, alleging that he smoked on a nonsmoking flight in violation of 14 C.F.R. 121.317(g) and (h). Nunez failed to file an answer to the complaint. On October 13, 1992, the FAA filed a motion to deem the complaint's allegations admitted and to assess a civil penalty. On October 19, 1992, the ALJ issued an order directing Nunez to answer the complaint within ten days and show good cause for failing to previously file an answer. The order informed Nunez that failure to comply could result in a default judgment. After Nunez failed to respond to the October 13 motion and October 19 order, the ALJ granted the FAA's motion and entered a default judgment against Nunez.
 
 
 4
 In its decision affirming the ALJ's judgment, the Administrator found that Nunez neither explained why he failed to file an answer nor contended that he was unaware of the requirement that he file an answer. The Administrator noted that the FAA's October 13 motion had informed Nunez that he was required to file an answer to the complaint. Finally, the Administrator emphasized that Nunez did not address the underlying issue of whether there was good cause for his failure to file an answer. The Administrator's affirmance of the ALJ's default judgment was based on Nunez's failure to demonstrate good cause for failing to file an answer to the complaint, not on his failure to respond to the order to show cause.
 
 Merits
 
 5
 This court upholds FAA actions, findings and conclusions unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Howard v. FAA, 17 F.3d 1213, 1215 (9th Cir.1994) (quoting the Administrative Procedure Act, 5 U.S.C. Sec. 706(2)(A)). While we treat the FAA's factual findings as conclusive if they are supported by substantial evidence, we review purely legal questions de novo. Id.
 
 
 6
 Nunez does not deny that he failed to respond to the FAA complaint, the FAA's October 13 motion, and the ALJ's order to show cause. Instead, he seems to contend that he was deprived of due process of the law because due to an alleged late receipt of the order to show cause, he did not have sufficient time to respond to it. This contention lacks merit.
 
 
 7
 "Procedural due process requires only adequate notice and an opportunity to be heard." Reid v. Engen, 765 F.2d 1457, 1463. The requirements of due process were met when Nunez was served with the FAA's complaint. He had notice of the charge against him and an opportunity to respond. See Kirk v. INS, 927 F.2d 1106, 1107-08 (9th Cir.1991). Moreover, Nunez received specific notice in the ALJ's order to show cause that a default judgment would be entered against him if he failed to demonstrate good cause for failure to respond to the FAA's complaint.
 
 
 8
 The Administrator correctly noted that even if Nunez had received the ALJ's order to show cause on October 30 as he alleged, he would still would have had four days to respond to the order. See 14 C.F.R. Sec. 13.211(e). In addition, the order to show cause provided the phone numbers for the ALJ's law clerk and secretary and invited Nunez to call them if he had any questions regarding the order. Although Nunez asserted that he called "Washington" after receiving the order to show cause, he did not contend in his appeal to the Administrator that he contacted the ALJ's staff before the ALJ issued it's default judgment on November 5, 1994.[2]
 
 
 9
 In light of Nunez's failure to respond to the FAA's complaint or offer an explanation for not doing so, the Administrator did not abuse its discretion in affirming the ALJ's November 5, 1994 order.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The FAA's motion to supplement the record to include a complete copy of the Administrator's decision is granted
 
 
 [2]
 In the "Statement of Petitioner" received by the court on October 18, 1994, Nunez states that he called the ALJ's secretary at some time after receiving the order to show cause and was told not to worry about the order because he could appeal. The "Statement of Petitioner" was received by the court too late to be considered a reply brief. See Fed.R.App.P. 31(a). Accordingly, the court disregards it and the assertions made therein. Even if we considered the "Statement of Petitioner" and accepted as true Nunez's statement regarding his discussion with the ALJ's secretary, we would still agree with the Administrator's conclusion that Nunez failed to demonstrate good cause for failing to file an answer to the FAA complaint