**Miguel Angel RIVERA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–70748.

I & NS No. A72–114–135.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2001.[*]

Decided July 12, 2001.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

Before CANBY, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM **

Miguel Angel Rivera, a native and citizen of El Salvador, seeks review of a decision in which the Board of Immigration Appeals ("BIA") reversed an immigration judge's ("IJ") order granting Rivera's application for asylum. We deny the petition.

I

Rivera contends that the BIA violated his due process rights by ruling on the merits of his asylum claim—an issue that the Immigration and Naturalization Service ("INS") concluded it need not address on appeal and that Rivera claims he did not have the opportunity to brief. We disagree with Rivera's characterization of the record because he did brief the merits of his asylum claim.

In its notice of appeal, the INS challenged the IJ's conclusion that Rivera was entitled to asylum. As stated in the notice, the basis for the appeal was that: (1) there was a material inconsistency between Rivera's testimony and his asylum application; (2) Rivera had failed to show that he had been persecuted in the past; (3) Rivera had failed to show that any danger he might face was "nationwide"; and (4) Rivera had failed to show a nexus between any alleged recruitment efforts and any protected ground.

Ultimately, the INS did not brief these issues because it chose to proceed solely on the claim that the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA")—enacted three weeks after the IJ's decision—established a statutory bar to Rivera's asylum application. Spe-

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cifically, the INS asserted that Rivera's convictions for false imprisonment by violence and assault with a deadly weapon on a peace officer fell within the statutory definition of "aggravated felony" as amended by IIRIRA. The BIA agreed and found Rivera statutorily ineligible for asylum.

Following the BIA's decision, Rivera obtained an order from a California state court that: (1) vacated the two-year sentence for his false imprisonment offense and the four-year sentence for his assault with a deadly weapon offense; and (2) suspended the imposition of any further sentence. In light of the state court order, Rivera asked the BIA to reopen his deportation proceedings on the ground that he was no longer subject to the statutory bar. The BIA declined to reach this "novel question of law," but reopened the deportation proceedings on its own motion "for the purpose of addressing the originally cited grounds for appeal"—namely, the merits of Rivera's asylum claim. The BIA concluded that Rivera did not establish past persecution or a well-founded fear of future persecution on account of a protected category.

■ Rivera asserts that the BIA violated his due process rights by ruling on the merits of his asylum claim without further briefing. We disagree. The opposing brief Rivera filed with the BIA was not limited to the IIRIRA issue, but "addressed all issues raised by the Service," including the merits of the asylum claim. Because Rivera had notice of the grounds upon which the IJ's decision to grant asylum would be challenged and an opportunity to be heard on the issues, the BIA did not violate his due process rights when it ruled on the merits of the asylum claim without further briefing. *See Kirk v. INS*, 927 F.2d 1106, 1107 (9th Cir.1991) (procedural due process requires "adequate notice and an opportunity to be heard").

## II

■ Rivera also challenges the BIA's decision to deny him asylum. Because the BIA exercised its power to conduct an independent review of the record, we review its decision and not that of the IJ. *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995). We review the BIA's factual findings for substantial evidence, and will uphold the decision if it is supported by reasonable, substantial, and probative evidence in the record. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We will disturb the BIA's determination only if the evidence compels a contrary result. *Id.; see also Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000).

■ To qualify for asylum, Rivera was required to establish past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). Rivera based his claim of past persecution primarily on several alleged encounters with the Faribundo Marti Liberation Front guerrillas in El Salvador. The BIA concluded that these encounters did not rise to the level of persecution and had no nexus to Rivera's political opinion or his membership in the ARENA political party.

Specifically, the BIA found that an invitation to attend a recruitment meeting and a request to join the guerrillas were "mere efforts to recruit members to support a cause," and, under *Elias–Zacarias*, did not constitute persecution. The BIA further found that there was no evidence that the instances in which the guerrillas stole the food Rivera was selling were motivated by anything other than a desire to procure supplies. And, the BIA found that Rivera's most significant encounter with the guerillas—a day-long detention during

which Rivera and twenty or thirty other young people were forced to carry supplies to the guerrillas' camp—did not rise to the level of persecution because it was a relatively brief recruitment sweep during which Rivera was not harmed. The BIA also noted that the guerrillas did not appear to have attributed an actual or imputed political opinion to Rivera during the detention, and treated him the same as others in the group who claimed no affiliation with opposing factions.

The BIA further determined that Rivera's subjective fear of future persecution was not objectively well-founded because there was no link between the events upon which his fears were based and a protected ground, and because Rivera could not show that he faced a "country-wide" threat if he returned to El Salvador. The BIA observed that the May 1996 country conditions profile for El Salvador reflected major changes that had taken place since the 1992 peace accords. According to the BIA, the newspaper articles Rivera submitted in opposition to the country conditions profile did not establish that rank and file members of the ARENA party or the army are sought out or threatened by ex-guerrillas.

We conclude that substantial evidence supports the BIA's conclusions regarding Rivera's failure to establish a claim of past persecution or a well-founded fear of future persecution on account of his political opinion. Having failed to meet the requirements for asylum, Rivera cannot satisfy the more stringent statutory requirements for withholding of deportation. *See Acewicz v. INS,* 984 F.2d 1056, 1062 (9th Cir.1993).

PETITION DENIED.